## SKOWHEGAN AND ATHENS RAILROAD COMPANY

*vs.*

### JOSEPH C. KINSMAN.

Somerset. Opinion June 3, 1885.

*Subscription to stock. Corporations.*

Where, in a subscription to the stock of a corporation, a subscriber promises, without any condition, to take and pay for a certain number of shares at the par value therein named, the promise is binding, even though the amount of the capital stock was not fixed and the minimum number of shares named in the charter were not subscribed for.

ON REPORT.

Assumpsit on subscription to stock in the plaintiff corporation. The opinion states the material facts.

*D. D. Stewart,* for the plaintiff, cited : *K. & P. R. R. Co.* v. *Jarvis,* 34 Maine, 360 ; *Same* v. *Palmer,* 34 Maine, 366 ; *Same* v. *Waters,* 34 Maine, 369 ; *Somerset R. R. Co.* v. *Clarke,* 61 Maine, 379 ; *Penobscot R. R. Co.* v. *Dummer,* 40 Maine, 172 ; *P. & K. R. R. Co.* v. *Dunn,* 39 Maine, 587 ; *Same* v. *Bartlett,* 12 Gray, 244.

*H. and W. J. Knowlton* and *E. F. Webb,* for the defendant.

Before this action can be maintained the plaintiff must show that the number of shares have been legally fixed, and that the number so fixed have been subscribed for by responsible parties in good faith. *S. & K. R. R. Co.* v. *Cushing,* 45 Maine, 524 ; *W. & N. R. R. Co.* v. *Hinds,* 8 Cush. 110 and cases.

EMERY, J. A person by simply subscribing for shares in a corporation, without words of promise to pay, assumes only the

obligations imposed by law on such subscriber. He is understood to have agreed to assume a certain percentage of the responsibility of the enterprise, on condition that the amount of the responsibility be made certain and the remaining percentage be assumed by responsible parties. He can require that the full amount of capital agreed upon or established by the charter as necessary for success, shall be engaged before he pays in his part. He is only obliged to pay legal assessments, and where the capital has not been fixed, or when fixed, has not been subscribed for, there can be no legal assessment, unless the charter otherwise provide. *Som. & Ken. R. R. Co.* v. *Cushing,* 45 Maine, 524; *Somerset R. R. Co.* v. *Clarke,* 61 Maine, 379.

But a person may in his subscription, voluntarily assume any other obligations not forbidden by law. He may waive any and all of the conditions implied by law in a naked subscription. He may impose other conditions, or he may promise payment for his shares without any condition. His promise, once made will be binding, there being in such cases sufficient consideration in the obligation of the company to deliver the shares. *Ken. & Port. R. R. Co.* v. *Jarvis,* 34 Maine, 360; *Bucksport & Bangor R. R. Co.* v. *Buck,* 65 Maine, 537; *City Hotel* v. *Dickinson,* 6 Gray, 586; *Lexington & West Cambridge R. R. Co.* v. *Chandler,* 13 Met. 311; *Pen. & Ken. R. R. Co.* v. *Bartlett,* 12 Gray, 244; *Boston, Barre & Gardiner R. R. Co.* v. *Wellington,* 113 Mass. 79. In such cases, the express promise is to be enforced by an action thereon, and not by an action on a promise implied by law only.

In this case, it was first proposed to organize the company under the general law, and certain subscriptions were made to the stock of the proposed company. Subsequently the company was chartered by the legislature.* The capital stock was to be not less than seven hundred and fifty shares of fifty dollars each. The corporators met pursuant to the charter, accepted the charter, and chose officers under it. After this organization,

---

[*Special Laws, 1881, c. 94. Reporter.]

and before the amount of the stock was fixed by the directors, the defendant with others made the following contract with the company.

"Skowhegan and Athens Railroad Company.

Subscription List.

"We the undersigned, hereby agree to take, and hereby subscribe for the number of shares of stock in said railroad company, hereunto by each of us placed opposite our names in the following list, said shares to be fifty dollars each. *And* we agree to pay the par value of the same. And all who shall subscribe for as many shares in the following subscription, as they have subscribed for in former subscription lists, are hereby released from all former subscriptions to said company."

"Athens, May 30, 1881."

The defendant claims he is not liable to pay for the shares he thus subscribed for, because the amount of the capital stock was not fixed, and the minimun number of shares named in the charter were not subscribed for. He might not be liable to pay in such case, if he were a mere subscriber for stock, or if this action were for legal assessments, but he, in addition to his subscription for shares, expressly promised to pay fifty dollars each for them, and this action is on his express promise to pay, and not on any promise merely implied by law. His promise was unconditional, and he cannot now invoke conditions. In *Ken. & Port. R. R. Co.* v. *Jarvis*, 34 Maine, 360, above cited, the capital stock was fixed by the directors at twelve thousand shares with right of increase to twenty thousand shares. The shares subscribed for were never so many as twelve thousand, and the defendant invoked that omission in defence. The court expressly overruled that defence, and held him liable, on the ground he had expressly promised to pay, (not legal assessments, but,) "at such times, to such persons, and in such instalments, as shall be hereafter required by a vote of said company." That case is decisive of this. In the cases cited by the defendant, it will be found, there was no express promise to pay, or only a promise to pay legal assessments, or that the action was only on an implied promise, as for legal assessments. In such cases the conditions implied by

law must be shown to have been fulfilled. In this case those conditions were waived by the express promise to pay absolutely.

We think the organization of the company was sufficiently regular to enable it to maintain this action, the defendant having recognized it as an existing corporation by his subscription. *Chubb* v. *Upton*, 95 U. S. 667. The defendant did not stipulate for a demand, prior to suit, but we think it sufficiently appears he was requested to pay.

We find no averment nor evidence of a readiness to deliver the shares, but as the point was not made in argument, and the case must be again heard, we do not notice it here.

*Action to stand for trial.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and FOSTER, JJ., concurred.